**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

KARIN I. EUBANKS,

           Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

           Defendant.

Case No. 08-CV-491-FHM

## OPINION AND ORDER

Plaintiff, Karin I. Eubanks, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's February 1, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held May 24, 2007. By decision dated July 26, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 27, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 49 at the date of alleged onset of disability and 51 years old on the date of the ALJ's decision. She has a high school education and formerly worked as cashier, cook's helper, fast food worker, and warehouse worker. She claims to have been unable to work since June 28, 2005, as a result of rheumatoid arthritis. The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform a full range of medium work. Specifically, the ALJ found that Plaintiff can occasionally lift and/or carry 50 pound, and that she could frequently lift and/or carry 25 pound, she can stand and/or walk about 6 hours of an 8-hour workday, can sit about 6 hours in a workday, and can push and pull on an unlimited basis. [Dkt. 13, p. 20].

The ALJ determined that Plaintiff could not perform her past relevant work with these limitations. Applying the Medical-Vocational Guidelines (Grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2., Rule 204.00, which directs a finding of "not disabled," the ALJ found that Plaintiff has not been under a disability as defined in the Social Security Act, from June 28, 2005, through July 26, 2007, the date of the decision. [Dkt. 13, p. 23]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to pose a proper hypothetical question to the vocational expert; failed to properly consider the opinion of the treating physician; and failed to perform a proper credibility analysis. The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

### Hypothetical Question Posed to Vocational Expert

Plaintiff claims the case should be reversed because the ALJ posed a hypothetical question to the vocational expert which did not include all of Plaintiff's impairments. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) provides that "testimony elicited by hypothetical questions that do not relate with precision all the claimants' impairments cannot constitute substantial evidence to support the [Commissioner's] decision."

In this case, however, the ALJ did not rely on the vocational expert's testimony as the basis of his decision that Plaintiff is not disabled. The ALJ relied on the Medical-vocational Guidelines ("Grids"), 20 C.F.R., Pt. 404, Subpt. P, App. 2., to establish that jobs exist in the national economy which claimant can perform. Since the ALJ did not rely on the vocational expert's testimony, the ALJ's questioning of the vocational expert does not provide a basis for reversal of the decision.

### Consideration of Treating Physician's Opinion

Plaintiff argues that the decision should be reversed because the ALJ failed to properly consider the opinion of her treating physician.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir.2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Id.* (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.* Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted). After considering the appropriate factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2). "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Watkins,* 350 F.3d at 1301 (quotations omitted).

Plaintiff's treating physician, Dr. Surbeck, offered the following opinion dated April 16, 2007:

> Karen I. Eubanks is a 51-year-old woman diagnosed with rheumatoid arthritis. She has considerable joint pain involving her shoulders, hands/wrists, and feet/ankles in particular. She also has some back and neck pain and noticeable fatigue.
>
> The pain in Karen's joints is aggravated by prolonged sitting, standing, walking, and bending, and she should alternate positions to relieve pain. She experiences numbness and swelling in her feet and should avoid prolonged standing and walking. She complains of aching and swelling in her hands,

4

> which has lead to loss of grip strength and dexterity in the fingers.
>
> With Karen's physical condition, it is unlikely that she would be able to maintain regular employment without frequent absences, probably in excess of an average of one to two days per week.

[R. 13-3, p. 34].

The ALJ rejected Dr. Surbeck's opinion, as follows:

> As for the opinion evidence, the Administrative Law Judge finds that the report by Dr. Surbeck dated April 16, 2007, is quite conclusory and he provides very little explanation of the evidence relied on in forming that opinion. In fact the evidence of record shows that this brief statement by Dr. Surbeck is entirely inconsistent with his own treatment notes and it appears that Dr. Surbeck apparently relied quite heavily on the claimant's subjective report of symptoms and limitations and seemed to uncritically accept as true most, if not all, of what the claimant has reported. It must also be noted that although Dr. Surbeck does have a treating relationship with the claimant, the record reveals that actual treatment visits have been relatively infrequent. In fact the record reflects the claimant is only seen by Dr. Surbeck every 3 months in followup.

[R. 13, p. 22].

Plaintiff complains that the ALJ "selectively cited" two of Plaintiff's eighteen visits to Dr. Surbeck from May 2003 through December 2006 for inclusion in his decision. [Dkt. 16, p. 5]. In fact, after the alleged onset date, June 28, 2005, Plaintiff was seen by Dr. Surbeck seven times. [Dkt. 13-3, p. 35; 13-2, pp. 97-102]. During these visits the doctor recorded good ranges of motion and degrees of joint inflammation from none to trace, no significant soft tissue swelling, and no, slight, or mild tenderness. The court finds that the ALJ accurately recounted the notes from four of Plaintiff's visits to Dr. Surbeck that occurred during the relevant time frame, [Dkt. 13, pp. 20-21], and that the ALJ included a fair representation of Dr. Surbeck's notes.

The court finds that the ALJ gave specific, legitimate reasons for rejecting Dr. Surbeck's opinion. Further the court finds no speculation in the ALJ's statements about Dr. Surbeck's reliance on Plaintiff's objective complaints. Dr. Surbeck's letter includes statements about a variety of topics for which there are no comments or findings in his office notes: loss of grip strength and dexterity, numbness and swelling. Further, the consultative examiner noted Plaintiff had good grip strength and dexterity. [Dkt. 13-2, p. 53].

## Credibility

The court finds that the ALJ properly performed a credibility analysis. According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. *Id.* at *4. It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

The ALJ recounted Plaintiff's testimony about her daily activities, sleep habits, exertional limitations, and complaints of pain. The ALJ also summarized Plaintiff's medical record during the relevant time period. The ALJ essentially found that Plaintiff's statements of her impairments and their impact on her ability to work were not consistent with her own description of her activities and life style. He also found that the degree of pain she testified about was not consistent with her reports to medical providers or consistent with the findings in the medical record. The ALJ also mentioned some factors that weighed in

favor of Plaintiff's credibility. The ALJ properly linked his credibility finding to the record, therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determinations. *James v. Chater,* 96 F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 1st day of September, 2009.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE